ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

GLENN S. LEON
Chief
Criminal Division, Fraud Section

KATHERINE LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7027
    Katherine.Lloyd-Lovett@usdoj.gov

S. BABU KAZA (DCBN 1033670)
Trial Attorney, Fraud Section
U.S. Department of Justice

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 22-CR-155 CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| JASON DEAN COSTANZA, | Hearing Date: August 30, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Charles R. Breyer |
| Defendant. | |

## I.   INTRODUCTION

On March 23, 2023, defendant Jason Dean Costanza pleaded guilty to Counts One and Two of the Indictment, charging him with conspiracy to defraud the United States and to make false statements

UNITED STATES' SENTENCING MEMORANDUM   1
22-CR-155 CRB

related to health care matters in violation of 18 U.S.C. § 371, and false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2). *See* Presentence Investigation Report ("PSR") ¶ 1. As discussed further below, the United States respectfully recommends that the Court impose a sentence of three years' probation and a $200 special assessment.

## II.   BACKGROUND

### A.   Offense Conduct

The United States concurs with the Probation Office's ("Probation's") description of the offense conduct. PSR ¶¶ 6–12. Costanza participated in Dr. Juli Mazi's ("Mazi's") fraudulent scheme to sell homeoprophylaxis pellets for immunization against COVID-19, accompanied by fake Centers for Disease Control and Prevention ("CDC") vaccination record cards with instructions on how to complete the cards to make it appear that a COVID-19 vaccine authorized by the Food and Drug Administration ("FDA") was administered. PSR ¶¶ 8–9. As Mazi's office manager, Costanza was a full participant in Mazi's scheme, and assisted her by scheduling appointments and informing prospective patients that they would receive CDC COVID-19 vaccination record cards as part of Mazi's homeoprophylaxis treatment. PSR ¶ 10. In addition, in August 2021, Costanza lied to federal agents investigating Mazi's scheme. PSR ¶ 11. Costanza falsely denied having awareness of Mazi's use of fake CDC COVID-19 vaccination record cards. PSR ¶¶ 11–12.

### B.   Applicable Guidelines Calculation

On March 23, 2023, Costanza pleaded guilty to Counts One and Two of the Indictment, charging him with conspiracy to defraud the United States and to make false statements related to health care matters in violation of 18 U.S.C. § 371, and false statements to a government agency in violation of 18 U.S.C. § 1001(a)(2). *See* PSR ¶¶ 1–2. The government's guidelines calculation comports with that of Probation. Probation has calculated a total offense level of 10. PSR ¶¶ 16–26. The government agrees with Probation's determination that Costanza has zero criminal history points and is in Criminal History Category I. PSR ¶¶ 27–31. The resulting guidelines range is 6 to 12 months. PSR ¶ 64. Probation recommends a sentence of three years' probation and a $200 special assessment. *See* PSR, Sentencing Recommendation. The United States concurs with Probation's guidelines calculation.

In addition, based on Costanza's zero criminal history points, he would be eligible for a two-level downward adjustment pursuant to the forthcoming November 1, 2023, amendment to Chapter Four of the Sentencing Guidelines. This Court is required to apply the version of the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); U.S.S.G. § 1B1.11(a). Unless Congress provides otherwise, a proposed Guidelines amendment takes effect only after a prescribed period of congressional review has elapsed. *See* 28 U.S.C. 994(p); *Stinson v. United States*, 508 U.S. 36, 41 (1993) ("Amendments to the Guidelines must be submitted to Congress for a 6-month period of review, during which Congress can modify or disapprove them."). In this instance, absent Congressional action, the amendment will not take effect until November 1, 2023. If the Court is inclined to consider the two-level reduction before it takes effect, the Court must calculate the Guidelines range under the current version of the Guidelines first. Then, the Court may vary downward in light of the proposed amendment. If the Court varies downward, the government asks that the Court clearly state that the variance is due to the amendment so that the defendant will not receive a further reduction if the Sentencing Commission subsequently makes the amendment retroactive.

Subject to the above discussion, the United States concurs with application of a two-level downward variance, which would result in a total offense level of 8, with a guidelines range of 0 to 6 months. With application of the variance, the United States concurs with Probation's sentence recommendation of 3 years' probation and a $200 special assessment.

### III.   DISCUSSION

#### A.   Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2), specifically to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. *United States v. Carty*, 520 F.3d 984, 991 (9th

Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the guidelines. *Id.*

After determining the appropriate guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93. Under Section 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**B.   A Sentence of Three Years' Probation is Sufficient and Not Greater Than Necessary to Comply With 18 U.S.C. § 3553(a).**

In light of Costanza's acceptance of responsibility and lack of criminal history, as well as his felony convictions for the instant offenses, a probationary sentence is consistent with the requirements of 18 U.S.C. § 3553, adequately reflects the seriousness of the offenses, promotes respect for the law, provides just punishment, and affords adequate deterrence. 18 U.S.C. § 3553(a)(2). Such a sentence is also consistent with the probationary sentences issued by this Court to other facilitators of Mazi's scheme in the related cases *United States v. Ranna Shamiya*, 22-CR-164 and *United States v. Jaimi Jansen*, 22-CR-165.

//
//
//

## IV. CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of three years' probation and a $200 special assessment.

DATED: August 23, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/ S. Babu Kaza
S. BABU KAZA
Trial Attorney
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorney